# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1885 | **DATE** | 3/15/2002 |
| **CASE TITLE** | Delaware Clothing Co. vs. Ohio Casualty Group | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 5/2/02 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This Court will await an appropriate amendment to the Complaint to cure the deficiencies identified here. If no such amendment is received in this Court's chambers on or before March 25, 2002, this Court will have no alternative other than to dismiss this action for lack of subject matter jurisdiction. (Pretrial schedule on reverse of minute order)

(11) ■ [For further detail see order on the reverse side of the original minute order.] order attached to the original minute

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 18 2002 | |
| | Notified counsel by telephone. | | date docketed | 2 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/15/2002 | |
| | | 02 MAR 15 PM 4:22 | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

MEMORANDUM ORDER

This order is being entered shortly after the filing of the Complaint. Counsel for plaintiff(s) are ordered to cause a copy of this order to be delivered forthwith to each defendant in the same manner that process has been or is being served on such defendant.

There will be a status hearing--a "scheduling conference," as that term is used in attached Fed. R. Civ. P. ("Rule") 16(b) at 9:00 a.m. on May 2, 2002 (the "Status Hearing Date"). Counsel for plaintiff(s) and for each defendant that has been served with process or has appeared at least 28 days before that Status Hearing Date are ordered to meet not later than 14 days before the Status Hearing Date[1] to comply with the provisions of attached Rule 26(f) and this District Court's LR 26.1 (also attached). Counsel for the parties are urged to undertake serious settlement efforts before the scheduled Status Hearing when no major investment in counsel's time (and clients' money) has yet taken place. If such efforts are unsuccessful, counsel should be prepared at the Status Hearing to discuss briefly their proposed discovery plan and other subjects appropriate for inclusion in the scheduling order as referred to in Rule 16(b).

Instead of the scope of mandatory initial disclosure prescribed by Rule 26(a)(1) as amended effective December 1, 2000, each party is ordered to provide to other parties the broader categories of information that were prescribed in Rules 26(a)(1)(A) and (B) before such amendment (see copies attached).

---

[1] If any party is unrepresented by counsel, that party must comply with this order personally.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

MAR 1 8 2002

DELAWARE CLOTHING CO., INC.,                )
                                             )
              Plaintiff,                     )
                                             )
        v.                                   )   No. 02 C 1885
                                             )
OHIO CASUALTY GROUP OF                       )
INSURANCE COMPANIES, et al.,                 )
                                             )
              Defendants.                    )

MEMORANDUM ORDER

Delaware Clothing Co., Inc. ("Delaware") has just instituted this breach of contract action against Ohio Casualty Group of Insurance Companies ("Group") and Ohio Casualty Insurance Company, seeking to invoke federal jurisdiction on diversity of citizenship grounds. Because Delaware's Complaint is deficient in establishing such jurisdiction, this memorandum order is issued sua sponte to require its counsel to correct that flaw.

Complaint ¶2 does the job properly as to Delaware itself, for it identifies both facets of its corporate citizenship under 28 U.S.C. §1332(c)(1)("Section 1332(c)(1)"). And Complaint ¶¶10 and 17 satisfactorily establish the over-$75,000 amount in controversy that forms one prong of the diversity criteria. But Count I ¶2 lacks the information necessary to establish the requisite total diversity under Section 1332(c)(1):

>   1. All that is said about both defendants is that their principal place of business is in Ohio. Nothing is alleged as to their respective states of citizenship.

2. That is particularly true as to the defendant Group, which by its very description comprises a number of corporations, not just one. Federal jurisdiction therefore depends upon where _each_ of those corporations is incorporated.

Accordingly this Court will await an appropriate amendment to the Complaint to cure the deficiencies identified here. If no such amendment is received in this Court's chambers on or before March 25, 2002, this Court will have no alternative other than to dismiss this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 15, 2002